■ Wesson & Associates, Inc., Appellant, v Genpact Process Solutions, LLC, et al., Respondents. [9 NYS3d 33]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about May 30, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the breach of contract cause of action, unanimously affirmed, with costs.

The contract between plaintiff placement agency and the defendant companies excludes recovery of a placement fee where, as here, plaintiff refers a candidate "for a specific position who [is] not hired for such position and who: [is] later referred by another firm or person . . . or [is] sourced independently through [defendant] GENPACT's resume database, for a different position." On their motion, defendants showed that, almost one year after plaintiff referred a candidate to them for a specific position, that candidate was hired to fill a different position, and that plaintiff was not involved in that placement.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's contention that a Genpact employee's referral of the same candidate for a different position does not trigger the exclusionary language of the contract is unsupported by a clear reading of the express terms of the agreement and ignores the fact that Genpact was allowed to use its resume database as a source for referrals (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.